UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| Steven Zupnick, individually and on behalf of all others similarly situated,<br><br>           Plaintiff,<br><br> -v.-<br><br>Malen & Associates, P.C.,<br><br>           Defendant. | Case. No.: 1:21-cv-2661<br><br>**CLASS ACTION COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

  Plaintiff Steven Zupnick (hereinafter referred to as "Plaintiff") brings this Class Action Complaint by and through his attorneys, Stein Saks, PLLC, against Defendant Malen & Associates, P.C., (hereinafter referred to as "Defendant"), individually and on behalf of a class of all others similarly situated, pursuant to Rule 23 of the Federal Rules of Civil Procedure, based upon information and belief of Plaintiff's counsel, except for allegations specifically pertaining to Plaintiff, which are based upon Plaintiff's personal knowledge.

### INTRODUCTION/PRELIMINARY STATEMENT

  1.  The Fair Debt Collection Practices Act ("FDCPA") was enacted in response to the "abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. §1692(a). This was because of the concern that "abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy." *Id.* Congress concluded that "existing laws…[we]re inadequate to protect consumers," and that "the effective collection of debts" does not require "misrepresentation or other abusive debt collection practices." 15 U.S.C. §§ 1692(b) & (c).

  2.  The purpose of the Act was not only to eliminate abusive debt collection practices, but also to ensure "that those debt collectors who refrain from using abusive debt collection practices

1

are not competitively disadvantaged." *Id.* § 1692(e). After determining that the existing consumer protection laws were inadequate *Id.* § 1692(b), Congress gave consumers a private cause of action against debt collectors who fail to comply with the Act. Id. § 1692k.

## JURISDICTION AND VENUE

3. The Court has jurisdiction over this class action pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1692 et. seq. The Court has pendent jurisdiction over any State law claims in this action pursuant to 28 U.S.C. § 1367(a).

4. Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(b)(2) as this is where the Plaintiff resides, as well as a where a substantial part of the events or omissions giving rise to the claim occurred.

## NATURE OF THE ACTION

5. Plaintiff brings this class action on behalf of a class of New York consumers under § 1692 et seq. of Title 15 of the United States Code, also known as the Fair Debt Collections Practices Act ("FDCPA"), and

6. Plaintiff is seeking damages and declaratory relief.

## PARTIES

7. Plaintiff is a resident of the State of New York, county of Kings.

8. Defendant is a "debt collector" as the phrase is defined in 15 U.S.C. § 1692(a)(6) and used in the FDCPA, with an address for service at 123 Frost Street, Ste. 203, Westbury, New York, 11590.

9. Defendant is a company that uses the mail, telephone, and facsimile and regularly engages in business, the principal purpose of which is to attempt to collect debts alleged to be due itself or another.

## CLASS ALLEGATIONS

10. Plaintiff brings this claim on behalf of the following case, pursuant to Fed. R. Civ. P. 23(a) and 23(b)(3).

11. The Class consists of:

    a. all individuals with addresses in the State of New York;

    b. to whom Defendant sent a collection letter;

    c. attempting to collect a post-judgment consumer debt;

    d. providing an incorrect legal interest rate; and

    e. which letter was sent on or after a date one (1) year prior to the filing of this action and on or before a date twenty-one (21) days after the filing of this action.

12. The identities of all class members are readily ascertainable from the records of Defendant and those companies and entities on whose behalf they attempt to collect and/or have purchased debts.

13. Excluded from the Plaintiff Class is the Defendant and all officers, members, partners, managers, directors and employees of the Defendant and its respective immediate families, and legal counsel for all parties to this action, and all members of their immediate families.

14. There are questions of law and fact common to the Plaintiff Class, which common issues predominate over any issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A, violate 15 U.S.C. §§ 1692e and 1692f.

15. The Plaintiff's claims are typical of the class members, as all are based upon the same facts and legal theories. The Plaintiff will fairly and adequately protect the interests of the Plaintiff Class defined in this complaint. The Plaintiff has retained counsel with experience in handling

consumer lawsuits, complex legal issues, and class actions, and neither the Plaintiff nor his attorneys have any interests, which might cause them not to vigorously pursue this action.

16. This action has been brought, and may properly be maintained, as a class action pursuant to the provisions of Rule 23 of the Federal Rules of Civil Procedure because there is a well-defined community interest in the litigation:

    a. **Numerosity:** The Plaintiff is informed and believes, and on that basis alleges, that the Plaintiff Class defined above is so numerous that joinder of all members would be impractical.

    b. **Common Questions Predominate:** Common questions of law and fact exist as to all members of the Plaintiff Class and those questions predominance over any questions or issues involving only individual class members. The principal issue is whether the Defendant's written communications to consumers, in the forms attached as Exhibit A violate 15 U.S.C. §§ 1692e and 1692f.

    c. **Typicality:** The Plaintiff's claims are typical of the claims of the class members. The Plaintiff and all members of the Plaintiff Class have claims arising out of the Defendant's common uniform course of conduct complained of herein.

    d. **Adequacy:** The Plaintiff will fairly and adequately protect the interests of the class members insofar as Plaintiff has no interests that are averse to the absent class members. The Plaintiff is committed to vigorously litigating this matter. Plaintiff has also retained counsel experienced in handling consumer lawsuits, complex legal issues, and class actions. Neither the Plaintiff nor his counsel have any interests which might cause them not to vigorously pursue the instant class action lawsuit.

    e. **Superiority:** A class action is superior to the other available means for the fair and efficient adjudication of this controversy because individual joinder of all members would be impracticable. Class action treatment will permit a large number of similarly situated persons to prosecute their common claims in a single forum efficiently and without unnecessary duplication of effort and expense that individual actions would engender.

17. Certification of a class under Rule 23(b)(3) of the Federal Rules of Civil Procedure is also appropriate in that the questions of law and fact common to members of the Plaintiff Class predominate over any questions affecting an individual member, and a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

18. Depending on the outcome of further investigation and discovery, Plaintiff may, at the time of class certification motion, seek to certify a class(es) only as to particular issues pursuant to Fed. R. Civ. P. 23(c)(4).

## FACTUAL ALLEGATIONS

19. Plaintiff repeats the above allegations as if set forth fully herein.

20. Some time prior to January 15, 2021, Plaintiff allegedly incurred an obligation to Independence Savings Bank, the original creditor.

21. Therefore, Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a (3).

22. Upon information and belief, Independence Savings Bank contracted with the Defendant for the purpose of debt collection.

23. Therefore, Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a (6).

24. The subject obligation arose out of transactions in which money, property, insurance or services were incurred solely for personal purposes.

25. Therefore, the subject obligation is a "debt" as defined by 15 U.S.C.§ 1692a (5).

26. Defendant collects and attempts to collect debts incurred or alleged to have been incurred for personal, family or household purposes on behalf of creditors using the United States Postal Services, telephone and internet.

*Violation – January 15, 2021 Collection Letter*

27. On or about January 15, 2021, Defendant sent the Plaintiff a collection letter regarding the alleged debt owed to Independence Savings Bank. (See Letter attached as Exhibit A.)

28. The Letter references a Judgment with Index number 78136/02 entered against Plaintiff on January 9, 2003 with a balance of $2,274.82.

29. The Letter further states that the "legal interest per day is $.2274 at 9% per year."

30. Defendant misstated the amount of interest per day.

31. Interest is calculated by taking the judgment amount and multiplying by the post-judgment interest rate. Then, the total is divided by 365 to arrive at the daily accrual of interest.

32. In New York, where the subject judgment was issued, the post-judgment interest rate is 9% per year. (N.Y.C.P.L.R. Law § 5004).

33. In this case, interest is calculated by taking the judgment amount, $2,274.82, multiplying it by the post-judgment interest rate of .09, and then dividing by 365.

34. Therefore, interest on the subject judgment is $.5609 per day.

35. Defendant misstated the legal interest per day by approximately $.3335.

36. As the legal interest per day is not $.2274 as Defendant stated, Plaintiff was misinformed of the correct amount by which interest is accruing on a daily basis.

37. In the alternative, Defendant intended the "judgment balance" to reflect the judgment amount including the interest which has accrued since the entry of judgment.

38. Calculating back to the date of judgment, based on a legal interest per day of $.2274, the original judgment would be $780.80. (This amount is calculated by taking the legal interest per day of $.2274 and multiplying by 365 to arrive at the interest per year, which is $83.001. Then, the yearly interest amount of $83.001 is multiplied by the number of years since entry of judgment – 18 years. The total, $1,494.02, is subtracted from the "judgment balance" of $2,274.82, which is equal to $780.80). In fact, this judgment amount is incorrect.

39. Therefore, based on either potential reading of the Letter, the Defendant miscalculated a material detail – either the legal interest per day or the judgment amount.

40. Defendant omitted and/or misstated information preventing the least sophisticated consumer, and the Plaintiff included, from being able to determine the amount he owes at the time of the letter, what he will need to pay to resolve the debt at any given moment in the future.

41. It is not clear what amount Plaintiff would have to pay if he chose to pay off the debt today.

42. These violations by Defendant were knowing, willful, negligent and/or intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violations.

43. Defendant's collection efforts with respect to this alleged debt from Plaintiff caused Plaintiff to suffer concrete and particularized harm, inter alia, because the FDCPA provides Plaintiff with the legally protected right not to be misled or treated unfairly with respect to any action regarding the collection of any consumer debt.

44. Defendant's deceptive, misleading and unfair representations with respect to its collection efforts were material misrepresentations that affected and frustrated Plaintiff's ability to intelligently respond to Defendant's collection efforts.

7

45. Defendant's actions created an appreciable risk to Plaintiff of being unable to properly respond or handle Defendant's debt collection.

46. Plaintiff was confused and misled to his detriment by the statements in the dunning letter, and relied on the contents of the letter to his detriment.

47. Plaintiff would have pursued a different course of action were it not for Defendant's statutory violations.

48. As a result of Defendant's deceptive, misleading and false debt collection practices, Plaintiff has been damaged.

## COUNT I

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692e *et seq.*

49. Plaintiff repeats the above allegations as if set forth herein.

50. Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692e.

51. Pursuant to 15 U.S.C. § 1692e, a debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

52. Defendant violated § 1692e:

   a. By falsely representing the character, amount, and/or legal status of the subject debt, in violation of § 1692e (2)(A);

   b. By using a false and/or deceptive means to collect or attempt to collect any debt, in violation of § 1692e (10).

53. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692e et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

## COUNT II

### VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT
### 15 U.S.C. §1692f *et seq.*

54. Plaintiff repeats the above allegations as if set forth herein.

55. In the alternative, Defendant's debt collection efforts attempted and/or directed towards the Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. § 1692f.

56. Pursuant to 15 U.S.C. § 1692f, a debt collector may not use any unfair or unconscionable means in connection with the collection of any debt.

57. Defendant violated this section by unfairly providing an incorrect post-judgment daily interest amount.

58. By reason thereof, Defendant is liable to Plaintiff for judgment in that Defendant's conduct violated Section 1692f et seq. of the FDCPA, actual damages, statutory damages, costs and attorneys' fees.

### DEMAND FOR TRIAL BY JURY

59. Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby requests a trial by jury on all issues so triable.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Steven Zupnick, individually and on behalf of all others similarly situated, demands judgment from Defendant Malen & Associates, P.C.:

i. Declaring that this action is properly maintainable as a Class Action and certifying Plaintiff as Class representative, and Tamir Saland, Esq. as Class Counsel;

ii. Awarding Plaintiff and the Class statutory damages;

iii. Awarding Plaintiff and the Class actual damages;

iv. Awarding Plaintiff costs of this Action, including reasonable attorneys' fees and expenses;

v. Awarding pre-judgment interest and post-judgment interest; and

vi. Awarding Plaintiff and the Class such other and further relief as this Court may deem just and proper.

Dated:  May 12, 2021                               Respectfully Submitted,

                                               **Stein Saks, PLLC**
                                               **/s/ Tamir Saland**
                                               Tamir Saland, Esq.
                                               285 Passaic Street
                                               Hackensack, NJ, 07601
                                               P. (201) 282-6500 ext. 122
                                               F. (201) 282-6501
                                               Tsaland@SteinSaksLegal.com
                                               *Attorneys for Plaintiff*